

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------x
LEROY DORSEY,

              Petitioner,

   -against-

GAYLE HAPONIK, Superintendent,
Green Haven Correctional Facility,

             Respondent.
-----------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-3424 (FB)

*Appearances:*
*For the Petitioner:*
LEROY DORSEY, *pro se*
97A3442
Green Haven Correctional Facility
Post Office Box 4000
Stormville, NY 12582-0010

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: AMY MERRILL APPELBAUM, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201-2908

**BLOCK, Senior District Judge:**

    Petitioner, Leroy Dorsey ("Dorsey"), is currently in custody pursuant to a judgment of the New York Supreme Court, Kings County, convicting him of second-degree assault. Proceeding *pro se*, he petitions the Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely.

I.

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year time limit for filing a *habeas* petition challenging a state-court judgment of conviction. *See* 28 U.S.C. § 2244(d)(1). That period begins to run on the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* A conviction becomes "final" for purposes of § 2244(d)(1)(A) "when the ninety-day period to seek direct review from the United States Supreme Court by way of certiorari expire[s]." *Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000).

Whichever start date applies, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 1999), *aff'd on other grounds*, 531 U.S. 4 (2000).

Finally, the one-year period is subject to equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). To warrant equitable tolling, however, the petitioner must show that "extraordinary circumstances prevented him from filing his

2

petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." *Id.*

II.

Of § 2244(d)'s four potential start dates, only two are relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), and "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D). With regard to the former, Dorsey's conviction was affirmed on April 16, 2001, and leave to appeal was denied on July 3, 2001, *see People v. Dorsey*, 723 N.Y.S.2d 401 (2d Dep't 2001), *leave to appeal denied*, 96 N.Y.2d 900 (2001) (table); under *Stinson*, 224 F.3d at 132, the conviction became final ninety days later, on October 1, 2001. With regard to the latter, Dorsey was necessarily aware of the factual predicate for the claims raised in his *habeas* petition no later than May 15, 2001, when he filed a motion to vacate his conviction pursuant to § 440.10 of the New York Criminal Procedure Law raising the same claims.

The one-year period for filing a *habeas* petition would ordinarily have begun to run on the later of those two dates, that is, October 1, 2001; however, Dorsey's § 440.10 motion was still pending on that date. Under § 2244(d)(2), the one-year period did not actually begin to run until the motion was denied and the Appellate Division denied leave to appeal on August 20, 2002.

Thus, Dorsey had until August 20, 2003, to file a federal *habeas* petition. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) ("When a statute of limitations is measured in

3

years, the last day for instituting the action is the anniversary date of the start of the limitations period."). Dorsey's petition, dated June 10, 2005, is untimely. The existing record does not disclose any circumstances that would warrant equitable tolling.

### III.

Dorsey is entitled to notice and an opportunity to be heard on the timeliness issue. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). Therefore, Dorsey shall, by written affirmation and within thirty (30) days of the date of this Memorandum and Order, show cause why his *habeas* petition should not be dismissed as time-barred; he may use the attached affirmation form for this purpose. If Dorsey fails to comply within the time allowed, or fails to show good cause, his petition will be dismissed.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
March 2, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LEROY DORSEY,

                Petitioner,

-against-

GAYLE HAPONIK, Superintendent,
Green Haven Correctional Facility,

                Respondent.
-------------------------------------------------------x

**PETITIONER'S AFFIRMATION**
Case No. 05-CV-3424 (FB)

STATE OF NEW YORK   }
                            } ss:
COUNTY OF _____ }

        I, LEROY DORSEY, make the following affirmation under penalty of perjury:

    1.    I am the petitioner in the above-captioned action.

    2.    I am submitting this affirmation in response to the Court's Memorandum and Order dated March 2, 2006.

    3.    My *habeas* petition should not be dismissed as time-barred because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY.]


Dated: _____                    _____
                                          Signature

                                          _____
                                          Address

                                          _____

                                          _____
                                          City, State and ZIP Code