UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED **ORIGINAL**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ ⋯ 1 ᵔ 2006 ᴼ𝒦ℳ

BROOKLYN OFFICE

-------------------------------------------------------x

LEROY DORSEY,

               Petitioner,

     -against-

GAYLE HAPONIK, Superintendent,
Green Haven Correctional Facility,

               Respondent.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-3424 (FB)

*Appearances:*
*For the Petitioner:*
LEROY DORSEY, *pro se*
97A3442
Green Haven Correctional Facility
Post Office Box 4000
Stormville, NY 12582-0010

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: AMY MERRILL APPELBAUM, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201-2908

**BLOCK, Senior District Judge:**

        Petitioner, Leroy Dorsey ("Dorsey"), is currently in custody pursuant to a judgment of the New York Supreme Court, Kings County, convicting him of second-degree assault. Proceeding *pro se*, Dorsey petitioned the Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.

        Respondent moved to dismiss the petition as untimely. The Court directed Dorsey to show cause, by written affirmation, why his *habeas* petition should not be dismissed as time-barred – that is, why the one-year limitations period should be equitably tolled. *See Dorsey v. Haponik*, No. 05 Civ. 3424 (E.D.N.Y. **Mar. 2**, 2006). In his affirmation, Dorsey stated: "I am Mentally Disabled. My property was stolen; personal, and legal papers." Pet'r Aff. at 1. These conclusory allegations, standing alone, are insufficient to

show that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000). Nonetheless, further development of the record could show that either basis would be sufficient to overcome the time-bar issue. Accordingly, the Court grants Dorsey one more opportunity to show cause why the one-year statute of limitations should be equitably tolled for the period August 20, 2003 (end of limitations period) to June 10, 2005 (time of filing).

For the claim of mental disability, Dorsey must provide "a particularized description of how [his] condition adversely affected [his] capacity to function . . . in relationship to the pursuit of [his] rights" throughout the period he wishes to toll. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

For the claim related to stolen property, Dorsey must show that he did not have access to the documents he needed to file his *habeas* petition throughout the period he wishes to toll, *see Coleman v. McKinney*, 269 F. Supp. 2d 44, 47 (E.D.N.Y. 2003) (tolling only for period in which petitioner did not have access to legal papers), and that he was unable to obtain those documents sooner through alternate means, *see Harvey v. Walker*, 269 F.Supp.2d 54, 57 (E.D.N.Y. 2003) (no tolling because petitioner acknowledged he was able to regather legal papers from his family).

Accordingly, Dorsey shall submit a written affirmation and supporting documents, if any, within thirty (30) days of the date of this Memorandum and Order; he may use the attached affirmation form for this purpose. If Dorsey submits an affirmation within the time allowed, the respondent shall file its reply within twenty-one (21) days of

2

receipt, providing any documentation that it can obtain (e.g., records of psychiatric treatment) that would be relevant to Dorsey's arguments for equitable tolling. If Dorsey fails to comply within the time allowed, his petition will be dismissed.

**SO ORDERED**.

_____
FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
December 8, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

LEROY DORSEY,

                    Petitioner,                          **PETITIONER'S AFFIRMATION**
                                                         Case No. 05-CV-3424 (FB)

          -against-

GAYLE HAPONIK, Superintendent,
Green Haven Correctional Facility,

                    Respondent.
--------------------------------------------------------x

STATE OF NEW YORK    }
                     }  ss:
COUNTY OF _____  }

          I, LEROY DORSEY, make the following affirmation under penalty of perjury:

     1.      I am the petitioner in the above-captioned action.

     2.      I am submitting this affirmation in response to the Court's

Memorandum and Order dated December 8, 2006.

     3.      My *habeas* petition should not be dismissed as time-barred because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY.]

Dated: _____

_____
Signature

_____
Address

_____
City, State and ZIP Code