ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 26 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
LEROY DORSEY,

          Petitioner,

   -against-

GAYLE HAPONIK, Superintendent,
Green Haven Correctional Facility,

          Respondent.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-3424 (FB)

*Appearances:*
*For the Petitioner:*
LEROY DORSEY, *pro se*
97A3442
Green Haven Correctional Facility
Post Office Box 4000
Stormville, NY 12582-0010

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: AMY MERRILL APPELBAUM, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201-2908

**BLOCK, Senior District Judge:**

      Petitioner, Leroy Dorsey ("Dorsey"), is currently in custody pursuant to a judgment of the New York Supreme Court, Kings County, convicting him of second-degree assault. Proceeding *pro se*, Dorsey petitioned the Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Dorsey filed on June 10, 2005, almost two years after the limitations period expired on August 20, 2003.

      Respondent moved to dismiss the petition as untimely. The Court directed Dorsey to show cause, by written affirmation, why his *habeas* petition should not be dismissed as time-barred. *See* Mem. and Order of Mar. 2, 2006. Although Dorsey's affirmation contained only conclusory allegations of mental disability and lack of access

1

to his legal papers, *see* Pet'r Aff. dated Mar. 21, 2006, the Court granted him an additional opportunity to show cause since either basis, if developed further, could be sufficient to overcome the time-bar issue. *See* Mem. and Order of Dec. 8, 2006. Dorsey submitted a second, more detailed affirmation that, although insufficient to support his claim regarding access to legal papers, did describe how he "was constantly hearing voices, which kept [him] screwed up mentally where [he] couldn't think straight" during the period he wished to toll. Pet'r Aff. dated Jan. 18, 2007, at 1-2. Recognizing that Dorsey, as a *pro se* petitioner, might have difficulty obtaining medical records to support his claim, and in an effort to assist him in that regard, the Court directed respondent to submit any relevant documents in its possession. *See* Mem. and Order of Jan. 30, 2007.

Respondent submitted 181 pages of medical records regarding Dorsey's psychiatric treatment over the past 10 years. Those records document Dorsey's complaints of auditory hallucinations over long periods of time, including portions of the period he seeks to toll. They do not document how, if at all, those auditory hallucinations impacted Dorsey's ability to pursue *habeas* relief.

The Second Circuit has held that AEDPA's one-year statute of limitations may be equitably tolled only if the petitioner "show[s] that extraordinary circumstances prevented him from filing his petition on time," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000), that is, "demonstrate[s] a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing," *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (internal quotation marks and citation omitted), *cert. denied*, 536 U.S. 925 (2002). Where the petitioner claims

mental disability as the reason for his delay, he must provide "a particularized description of how [his] condition adversely affected [his] capacity to function . . . in relationship to the pursuit of [his] rights" throughout the period he wishes to toll. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

Since Dorsey has failed to demonstrate how his auditory hallucinations prevented him from filing on time, his petition is denied.

**SO ORDERED.**

/S/
_____
FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
March 23, 2007